**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **KEAIRE WEBB,** | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | **No.  1:26-CV-00138-RP** |
| | § | |
| **CODY JOHNSTON, OFFICER** | § | |
| **#7635 WITH ROUND ROCK** | § | |
| **POLICE DEPARTMENT; AND** | § | |
| **CITY OF ROUND ROCK,** | § | |
| *Defendants* | § | |

## ORDER AND REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE ROBERT PITMAN
      UNITED STATES DISTRICT JUDGE

The undersigned submits this report and recommendation to the United States District Court pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Before the Court is Plaintiff Keaire Webb's application to proceed *in forma pauperis*. Dkt. 2. Because Webb is requesting permission to proceed *in forma pauperis*, the undersigned must review and make a recommendation on the merits of his claims pursuant to 28 U.S.C. § 1915(e).

## I.      REQUEST TO PROCEED *IN FORMA PAUPERIS*

The Court has reviewed Webb's financial affidavit and determined Webb is indigent and should be granted leave to proceed *in forma pauperis*. Accordingly, the

1

Court hereby GRANTS Webb's request for *in forma pauperis* status, Dkt. 2. The Clerk of the Court shall file the complaint without payment of fees or costs or giving security therefor pursuant to 28 U.S.C. § 1915(a). This indigent status is granted subject to a later determination that the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e). Webb is further advised that, although he has been granted leave to proceed *in forma pauperis*, a court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

As stated below, the undersigned has made a § 1915(e) review of the claims made in this complaint and is recommending Webb's claims be dismissed under 28 U.S.C. § 1915(e). Therefore, service upon Defendants should be withheld pending the District Court's review of the recommendations made in this report. If the District Court declines to adopt the recommendations, then service should be issued at that time upon Defendants.

## II.    REVIEW OF THE MERITS OF THE CLAIM

Because Webb has been granted leave to proceed *in forma pauperis*, the undersigned is required by statute to review the complaint. Section 1915(e)(2) provides in relevant part that "the court shall dismiss the case at any time if the court determines that … the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*,

490 U.S. 319, 325 (1989); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327.

Pro se complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, pro se status does not offer a plaintiff an "impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

Webb alleges that Defendant Cody Johnston, a Round Rock police officer, pulled him over for what Johnston claimed was a defective taillight and expired registration, then asked Webb to show his driver's license and proof of insurance. Dkt. 1, at 2.[1] When Webb told Johnston he did not want to answer any more of Johnston's questions, Johnston called three additional officers to the scene and "returned with paperwork and a clipboard demanding Plaintiff's signature under threat of arrest." *Id.* Webb does not explain what paperwork or document Johnston asked him to sign. *See id.* Webb asked Johnston whether he had a warrant, and Johnston responded that he did not need one. *Id.* After Webb refused to sign the document, Johnston "forcibly opened the door, pulled Plaintiff out of his vehicle, handcuffed him, searched him without warrant or consent, and impounded his vehicle." *Id.* Johnston then took Webb to jail. *Id.*

---

[1] Webb also alleges that Johnston asked Webb for his "personal location," but it is unclear from the complaint what this means as Johnston knew Webb's location at the time of the stop. Dkt. 1, at 2.

Documents attached to Webb's complaint indicate he was charged with traffic violations including driving without a stop lamp and expired vehicle registration. Dkt. 1-3, at 2. Despite Webb's allegation that "no valid criminal complaint was filed at the time of arrest," he alleges he filed multiple motions in court which were denied "without hearing or explanation." *Id.* at 2-3. There is no indication that the case against Webb is ongoing. *See id.* at 3 (alleging that Webb's motions were denied). Based on this conduct, Webb sues Johnston and the City of Round Rock under 42 U.S.C. § 1983 for violations of the First, Fourth, Ninth, and Fourteenth Amendments. *Id.* at 3-4. He seeks damages as well as declaratory and injunctive relief. *Id.* at 4.

Webb's claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1944). In *Heck*, the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

*Id.* at 486-87. A claim that falls under *Heck* is legally frivolous. *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996).

While Webb raises various causes of action, each implicates the legality of the traffic stop leading to the charges against him. With respect to Webb's Fourth Amendment claims, to prove that Johnston lacked probable cause for the stop and search would necessarily negate a finding that Webb's taillight was out and that he was driving without a registration. *See* Dkt. 1, at 3. Webb's due-process allegations

assert that he was unlawfully subjected to a "municipal code enforcement scheme" as a result of the traffic violations. *Id.* Similarly, Webb's First and Ninth Amendment[2] claims implicate whether his arrest for the traffic violations was lawful. *Id.* at 4-5.

Webb does not allege that his convictions have been reversed, expunged, invalidated, or called into question by a federal court's issuance of writ of habeas corpus. Accordingly, his case is barred by *Heck* and should be dismissed. *See, e.g.*, *LaMartina v. Madden*, No. 24-30381, 2025 WL 33472, at \*2 (5th Cir. Jan. 6, 2025) (affirming dismissal under *Heck* of plaintiff's § 1983 suit bringing claims under the First, Fourth, Fifth, and Fourteenth Amendments related to her arrest following a traffic stop and the events which stemmed from that arrest); *Bean v. Locke*, No. 5:24-CV-123-H-BV, 2025 WL 3272100, at \*2-3 (N.D. Tex. Nov. 3, 2025) (dismissing under *Heck* claims that a traffic stop was illegal because, if the court "were to find Officer Locke's traffic stop illegal, it would imply that any conviction against Bean is invalid."), *R & R adopted*, 2025 WL 3270669 (N.D. Tex. Nov. 24, 2025).[3]

### III.    ORDER AND RECOMMENDATION

The undersigned hereby **GRANTS** Webb's application to proceed *in forma pauperis*. Dkt. 2. The undersigned **RECOMMENDS** the District Judge **DISMISS** Webb's causes of action without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

---

[2] Additionally, "[t]he Ninth Amendment does not confer any specific constitutional guarantee," and "[n]o cause of action exists based upon its violation." *Jennings v. Clay*, No. 2:13-CV-0015, 2013 WL 3388403, at \*4 (N.D. Tex. July 8, 2013).

[3] As Webb's complaint alleges only that the City of Round Rock employs Johnston and "maintains policies and customs responsible for the violations herein," any claims against Round Rock should also be dismissed under *Heck*. Dkt. 1, at 1.

The referral of this case to the Magistrate Judge should now be canceled.

## IV.    WARNINGS

The parties may file objections to this report and recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Judge need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after the party is served with a copy of the report shall bar that party from *de novo* review by the District Judge of the proposed findings and recommendations in the report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED February 10, 2026.

_____
DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE