IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| KEAIRE WEBB, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 1:26-CV-138-RP |
| | § | |
| CODY JOHNSTON, OFFICER #7635 | § | |
| WITH ROUND ROCK POLICE | § | |
| DEPARTMENT and CITY OF ROUND | § | |
| ROCK, | § | |
| | § | |
| Defendants. | § | |

**ORDER**

Before the Court is the Report and Recommendation from United States Magistrate Judge Dustin Howell concerning Plaintiff Keaire Webb's ("Plaintiff") complaint in this matter, (Dkt. 1). (R. & R., Dkt. 6). Pursuant to 28 U.S.C. § 636(b) and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Judge Howell issued his Report and Recommendation on February 10, 2026. (*Id.*). As of the date of this order, no party has filed objections to the Report and Recommendation. Plaintiff did, however, file a First Amended Complaint on February 12, 2026. (Dkt. 7).

Pursuant to 28 U.S.C. § 636(b), a party may serve and file specific, written objections to a magistrate judge's proposed findings and recommendations within fourteen days after being served with a copy of the report and recommendation and, in doing so, secure de novo review by the district court. When no objections are timely filed, a district court can review the magistrate's report and recommendation for clear error. *See* Fed. R. Civ. P. 72 advisory committee's note ("When no timely objection is filed, the [district] court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

1

Given Plaintiff's *pro se* status, the Court will construe Plaintiff's First Amended Complaint, (Dkt. 7), as objections to the Report and Recommendation and, as such, evaluate the Report and Recommendation *de novo*. Having done so and for the reasons given in the Report and Recommendation, the Court overrules Plaintiff's objections and adopts the Report and Recommendation as its own order. Specifically, the Court finds that Plaintiff's allegations in his First Amended Complaint do not cure the defects the Magistrate Judge identified in Plaintiff's original Complaint.[1]

Accordingly, the Court **ORDERS** that the Report and Recommendation of the United States Magistrate Judge, (Dkt. 6), is **ADOPTED**. Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B).

The Court will enter final judgment by separate order.

**SIGNED** on March 23, 2026.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

---

[1] *See Sencial v. Coll*, No. CV 24-0874, 2024 WL 5515975, at *4 (E.D. La. June 21, 2024), *report and recommendation adopted*, No. CV 24-0874, 2025 WL 890208 (E.D. La. Mar. 24, 2025) ("A plaintiff may bring a § 1983 claim against a municipality when official policy or governmental custom is responsible for a deprivation of rights protected by the Constitution. . . . This type of [*Monell v. Dep't of Social Services of City of New York*, 546 U.S. 658 (1978)] claim necessarily requires an underlying constitutional violation. Because of this, where the underlying violation is barred by [*Heck v. Humphrey*, 512 U.S. 477 (1994)], it cannot form the basis for a derivative *Monell* claim." (citations and quotation marks omitted). *See also DeLeon v. City of Corpus Christi*, 488 F.3d 649 (5th Cir. 2007) (affirming judgment barring claims against individual officer and municipality pursuant to *Heck*).